UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

JESSICA MONIQUE ROWELL,          Case No. 18-CV-1653-JNE-KMM

    Plaintiff,

v.                                     **REPORT AND RECOMMENDATION**

COMMISSIONER OF HEALTH AND
HUMAN SERVICES,

    Defendant.

---

    Plaintiff Jessica Monique Rowell is an involuntary civil detainee of the State of Minnesota. She brings this action against the Minnesota Department of Human Services Commissioner alleging that the detention itself is unlawful and that the State of Minnesota has unlawfully forced medications upon her in violation of her constitutional rights. Ms. Rowell did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

    Although Ms. Rowell qualifies financially for IFP status, the Court recommends that her complaint be dismissed. An IFP application should be denied and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the

1

provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the facts set forth in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing whether a complaint is sufficient, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Ms. Rowell is currently civilly committed by the State of Minnesota. *See In the Matter of the Civil Commitment of Jessica Monique Rowell*, No. 62-MH-PR-17-494 (Minn. Dist. Ct.). The majority of the claims raised in her complaint attack the validity of that commitment directly. For example, Ms. Rowell claims that her ongoing commitment violates her due process rights, that she is being detained for having exercised her First Amendment rights, and that she is no longer permitted to bear arms as a result of the commitment. But each of these claims attacking the validity of her detention is precluded by the doctrine set forth by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote and citation omitted). In other words, a detainee cannot maintain a civil action that, if successful, would necessarily cast doubt on the validity of her facially valid confinement.

This Court recognizes that Ms. Rowell is not being held pursuant to a criminal judgment. Still, "the principles set forth in *Heck* are fully applicable to . . . detainees who are confined by reason of a civil commitment, rather than a prison sentence." *McHorse v. Minnesota*, No. 13-CV-0837, 2013 WL 2383603, at *2 (D. Minn. May 30, 2013) (citing, inter alia, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005); *Banda v. New Jersey Special Treatment Unit Annex*, 164 Fed. App'x 286, 287 (3d Cir. 2006) (per curiam); *Coffman v. Blake*, 156 Fed. Appx. 863 (8th Cir. 2005) (per curiam)). Until Ms. Rowell successfully challenges the legality of her civil commitment, she cannot seek relief resulting solely from the fact of that facially valid commitment in a lawsuit for monetary damages under § 1983. All such claims must be dismissed without prejudice. *See Gautreaux v. Sanders*, 395 Fed. App'x 311, 312 (8th Cir. 2010) (per curiam) (modifying dismissal under *Heck* to be without prejudice).

By contrast, one of Ms. Rowell's claims does not amount to an attempt to collaterally challenge her detention, and merits separate consideration. Ms. Rowell alleges that medications have been forced upon her during her detention. Detainees 'possess "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.'" *Green v. Dormire*, 691 F.3d 917, 922 (8th Cir. 2012) (quoting *Washington v. Harper*, 494 U.S. 210, 222 (1990)). Any claims relating to forced medication are entirely separable from the claims relating to the legality of Ms. Rowell's detention; it can both be true that her detention is lawful *and* that state officials have violated her rights by forcing medication upon her.

In this case, however, Ms. Rowell has insufficiently pleaded her claim. Because Ms. Rowell seeks only monetary damages for her claim, she must name as a defendant an individual or entity against whom such monetary damages are available. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). But Ms. Rowell has named as a defendant only the Minnesota Department of Human Services Commissioner in her official capacity, *see Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995), and thus brings claims against the State of Minnesota alone, which is immune from claims for monetary relief under 42 U.S.C. § 1983. *See, e.g.*, *Williams v. State of Missouri*, 973 F.2d 599, 600 (8th Cir. 1992) (per curiam). And even had the Commissioner been named in her

4

individual capacity, Ms. Rowell does not allege how the Commissioner, specifically, acted to violate her constitutional rights.[1]

Accordingly, it is recommended that this claim, too, be dismissed without prejudice. Because this action is recommended for dismissal in its entirety, it is further recommended that Ms. Rowell's application to proceed IFP be denied. Dismissal of this action does not preclude Ms. Rowell from seeking relief from her detention through an appropriate means in either state or federal court, such as through a petition for a writ of habeas corpus.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Jessica Monique Rowell [ECF No. 2] be DENIED.

Date: June 19, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

---

[1] The exhibits attached to Ms. Rowell's complaint do show that certain medications were approved by the Minnesota state courts for administration. *See* ECF No. 1-1 at 3-4. It is unclear from the complaint and related materials whether the administration of medication remains ongoing. Ms. Rowell seeks only monetary relief. *See* ECF No. 1 at 4.

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).